Matter of Melody M. (Cierra B.) (2019 NY Slip Op 07399)





Matter of Melody M. (Cierra B.)


2019 NY Slip Op 07399


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-14028
 (Docket Nos. N-28926-18, N-28927-18)

[*1]In the Matter of Melody M. (Anonymous). Administration for Children's Services, petitioner- respondent; Cierra B. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Madison M. (Anonymous). Administration for Children's Services, petitioner- respondent; Cierra B. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)


Brooklyn Defender Services, Family Defense Practice, Brooklyn, NY (Mairead Kennelly and Jessica Marcus of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Jane L. Gordon and D. Alan Rosinus, Jr., of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Erik S. Pitchal, J.), dated November 20, 2018. The order, after a hearing, granted the petitioner's application for the temporary removal of the subject children from the custody of the mother and to place the subject children in the custody of the petitioner pursuant to Family Court Act § 1027.
ORDERED that the order is affirmed, without costs or disbursements.
In early November 2018, the Administration for Children's Services (hereinafter the petitioner) filed two petitions alleging, inter alia, that the mother neglected the subject children by failing to provide them with adequate supervision and guardianship. In an order dated November 20, 2018, the Family Court, after a hearing, granted the petitioner's application for the temporary removal of the children from the custody of the mother and to place the children in the custody of the petitioner pursuant to Family Court Act § 1027. The mother appeals.
" [O]nce a child protective petition has been filed, Family Court Act § 1027(a)(iii) authorizes the court to conduct a hearing to determine whether the child's interests require protection, including whether the child should be removed from his or her parent'" (Matter of Riley P. [Raymond S.], 171 AD3d 757, 758, quoting Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 204). A court, in determining a removal application pursuant to Family Court Act § 1027, "must engage in a balancing test of the imminent risk with the best interests of the child and, where [*2]appropriate, the reasonable efforts made to avoid removal or continuing removal" (Nicholson v Scoppetta, 3 NY3d 357, 380). "[A] court must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal. It must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (id. at 378). "Since the Family Court has the advantage of viewing the witnesses and assessing their character and credibility, its determination in this regard should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Riley P. [Raymond S.], 171 AD3d at 759; see Matter of Jorge T. [Christine S.], 157 AD3d 800, 801).
Here, contrary to the contentions of the mother and the attorney for the children, there is a sound and substantial basis in the record supporting the finding of the Family Court that the children would be subject to imminent risk if they were to remain in the mother's care, and that the risk could not be mitigated by reasonable efforts to avoid removal (see Matter of Jazmine P. [Shay S.P.-T.], 173 AD3d 1033, 1034; Matter of Riley P. [Raymond S.], 171 AD3d at 759). The evidence adduced at the hearing demonstrated that the mother, despite her awareness of the existence of a full stay-away order of protection barring the father from being near the children, had asked and allowed him to care for the children on more than one occasion. The mother's conduct minimized the seriousness of the domestic violence engaged in by the father against her in the presence of the children. The mother's conduct further exhibited a significant lack of awareness of and insight into the impact that witnessing such violence would have upon the children.
Accordingly, we agree with the Family Court's determination granting the petitioner's application for the temporary removal of the children from the custody of the mother and to place them in the custody of the petitioner pursuant to Family Court Act § 1027.
DILLON, J.P., COHEN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court